IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RANDELL GLEN LAWS, §
    Petitioner, §
§
v. § CIVIL ACTION NO: H-17-1043
§
LORIE DAVIS, §
    Director of the Texas Department §
    of Criminal Justice - Correctional §
    Institutions Division, §
        Respondent. §

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). The court recommends the petition be dismissed without prejudice.

**Background**

This is not Laws's first federal habeas case.[1] Laws's first federal petition challenging his 2004 murder conviction was dismissed without prejudice because he did not exhaust his state court remedies. *Laws v. Quarterman*, Civil Action No. 4:06cv2083, 2006 WL 245461 (S.D. Tex. Aug. 23, 2006). The district court denied his second federal petition, *Laws v. Quarterman*, Civil Action No. 4:07cv4472, 2011 WL 4828839 (S.D. Tex. 2011), and the Fifth Circuit affirmed the district court's judgment. *Laws v. Stephens*, 536 Fed. App'x 409 (5th Cir 2013). In 2015, Laws sought and was denied permission from the Fifth Circuit to file

---

[1] Three other federal cases filed by Laws have been dismissed as frivolous. *Laws v. 179th Cist. Crt. of Harris Cty.*, Civil Action No. 4:05cv2969, 2006 WL 83483 (S.D. Tex. Jan. 11, 2006); *Laws v. Texas*, Civil Action No. 4:14cv2223, 2014 WL 5325167 (S.D. Tex. Oct. 15, 2014); *Laws v. Hughes*, Civil Action No. 4:14cv3320, 2014 WL 11531893 (S.D. Tex. Nov. 24, 2014).

a successive petition. *In re Laws*, No. 15-20257 (June 12, 2015). Laws filed another federal petition anyway in January 2016. The district court dismissed the 2016 petition without prejudice as a successive petition under 28 U.S.C. § 2244(b). *Laws v. Davis*, Civil Action No. 4:16cv70 (S.D. Tex. slip op. February 13, 2017) (appeal pending, No. 17-20295).

**Analysis**

Laws filed this petition for writ of habeas corpus on or about April 4, 2017. Laws contends that his petition is properly filed under 28 U.S.C. § 2241 because he is challenging the calculation of his eligibility for mandatory supervised release, not his 2004 conviction for murder. However, a prisoner in state custody "may not use § 2241 to circumvent procedural hurdles to review under § 2254." *Major-Davis v. Stephens*, Civil Action No. H-15-2373, 2015 WL 5093237 *4 n.2 (S.D. Tex. Aug. 28, 2015).

Laws's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA provides that a claim presented in a second petition that was not raised in a prior petition shall be dismissed unless the claim relies on a new rule of constitutional law made retroactive, the factual predicate for the claim could not have been discovered previously, or the facts underlying the claim are sufficient to prove that but for the constitutional error no reasonable fact-finder would have found petitioner guilty. 28 U.S.C. § 2244(b)(2). Even in cases meeting the requirements of § 2244(b)(2), a petitioner must first seek and be granted authorization from the court of appeals before filing a successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A). Laws has not.

**Conclusion**

For the reasons discussed above, the court recommends that Laws's petition for writ

of habeas corpus be dismissed without prejudice.[2]

The court further finds that Laws has not made a substantial showing either that he was denied a constitutional right, or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on September 27, 2017.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge

---

[2] Because this case is likely time-barred, does not appear to meet the requirements of § 2244(b)(2), and the Fifth Circuit denied Laws's prior request for permission to file a successive petition, the court does not recommend transferring this case to the United States Court of Appeals for the Fifth Circuit for a determination whether the successive petition should be allowed. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).